U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ERNEST RANDAL COMEAUX** | **CIVIL ACTION NO. 06-367-P** |
| **VERSUS** | **JUDGE HICKS** |
| **RICHARD STALDER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM [2]

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ernest Randal Comeaux ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on March 3, 2006. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he alleges his civil rights were violated by prison officials. He names Richard Stalder, Venetia Michaels, William Hollenshead, Earl Benson, Jerry Gifford, Jamey Moore, John Robinson, Kiatonya Major, Becky Moss, Sarah Bilberry, Lonnie Nail and Ray Anderson as defendants.

Plaintiff claims that on November 10, 2004, William Hollenshead ordered him placed in administrative segregation pending an investigation. He claims that before

---

[1]This decision is not intended for commercial print or electronic publication.

[2]Plaintiff's equal protection claim regarding the denial of his admission into the honors program will be addressed in a separate memorandum order.

transporting him to administrative segregation, Earl Benson, Jerry Gifford and Jamey Moore failed to secure his personal property. He claims Defendants conspired to deprive him of his watch in retaliation for his filing of a lawsuit in state court regarding illegal activity at David Wade Correctional Center.

Plaintiff claims that on November 12, 2004, he appeared before William Hollenshead for an administrative hearing. He complains he was not told the material facts of the charge against him and therefore was denied the opportunity to prepare a defense. He further claims the inmate substitute counsel representing him was inadequate and failed to obtain the material facts of the charge against him.

Plaintiff claims that on November 12, 2004, he lost $21.83 for a food sale because he was in administrative segregation.

Plaintiff claims that on November 17, 2004, William Hollenshead served him with a disciplinary report charging him with violating Rule 30k of the Louisiana Disciplinary Rules and Procedure.[3] He claims that on November 18, 2004, he appeared before the disciplinary board. He claims his motion to confront his accuser was granted and his hearing was continued. He claims his hearing should not have been continued because William Hollenshead was present. He claims that after the hearing, Lt. Hanson served him with a second disciplinary report which corrected the factual inaccuracies which were the basis of one of his motions to dismiss. He claims that on November 23, 2004, the

---

[3] Rule 30k prohibited "spreading rumors about an employee, visitor, guest, or inmate."

disciplinary board found him guilty as charged and sentenced him to four weeks loss of yard and recreation privileges and four weeks loss of canteen privileges.

Plaintiff claims his conviction for a Rule 30k violation was invalid because Rule 30k had been declared unconstitutional by the United States District Court for the Middle District of Louisiana on October 20, 2004. See Cassels v. Stalder, et al., 342 F. Supp. 2d 555 (M.D. La 2004). He further claims the reliability of the confidential informant was not established, the disciplinary board failed to address his claim that he was framed and the hearing was not fair and impartial. He complains that the inmate he allegedly committed the Rule 30k violation with was not charged with a disciplinary violation.

Plaintiff claims he spent 14 days in administrative segregation. He claims that during that time, the cell light was off 75 percent of the time. He also claims the cell was not properly ventilated. He complains that he was only allowed out of his cell ten minutes a day to shower. He also complains that he was not allowed out of his cell to exercise. He claims he was denied library, telephone, radio and television privileges. He claims he was not allowed to have a newspaper, family photographs, prayer cards, his rosary and hygiene items. He also claims he was denied his legal work regarding his pending state court action.

Plaintiff claims he was released from administrative segregation on November 23, 2004. He claims his watch valued at $43.95 was not with his personal property. He claims that on November 29, 2004, he filed a lost property claim. He claims that on

December 3, 2004, Earl Benson returned his watch to him.

Plaintiff claims that on December 3, 2004, he filed a disciplinary appeal from his conviction. He claims that on January 3, 2005, his appeal was denied by Warden Michael. He claims that on March 11, 2005, Richard Stalder rejected his appeal as moot.

Plaintiff claims that the administrative remedy procedure contains a multiple request clause which backlogs any subsequent request for an administrative remedy to be answered in succession to a grievance already in the system. He claims that on October 27, 2004, he submitted grievance #2004-1182. He claims that on October 28, 2004, his grievance was submitted to William Hollenshead for an answer. He claims that on November 3, 2004, he submitted an amended grievance which corrected the name of the correctional officer who was involved in the incident. He claims that on November 22, 2004, he submitted grievance #2004-1291 which was backlogged. He claims that on November 22, 2004, prison officials filed a first step response to grievance #2004-1182. He claims this response ignored his amended grievance. He complains that grievance #2004-1291 was not placed in the system until April 14, 2005.

Plaintiff claims that on May 2, 2005, he filed grievance #2005-463 regarding the administrative remedy backlog procedure. He claims that on May 6, 2005, Becky Moss rejected this grievance as a duplicate request of grievance #2002-1610. He claims that Richard Stalder has never responded to his request for a second step review of this grievance. He claims the multiple request clause is designed to impede and deny inmates

access to the courts and procedural due process.

Plaintiff claims that on June 30, 2005, he appeared before the David Wade Correctional Center Honor Program Committee which was comprised of Sarah Bilberry, Lonnie Nail and Ray Anderson. He claims the committee denied him admission into the honor program because of the Rule 30k conviction on his master record. He claims that inmates who file lawsuits against prison officials are denied admission if they do not meet the criteria, but inmates who make hobby crafts, serve as clerks, act as confidential informants and/or have relatives who work for the Department of Corrections are granted admission even if they do not meet the criteria. He claims this is a violation of his right to equal protection.

As relief, Plaintiff seeks an injunction, a declaratory judgment, compensatory, nominal and punitive damages and any other relief to which he is entitled.

## LAW AND ANALYSIS

### Disciplinary Proceedings Due Process Claims

Plaintiff claims that on November 10, 2004, he was placed in administrative segregation pending an investigation. He complains that during his administrative hearing on November 12, 2004, he was not told the material facts of the charge against him. He further claims that the inmate substitute counsel provided him with inadequate representation.

Plaintiff claims that on November 17, 2004, he was charged with violating Rule

30k of the Louisiana Disciplinary Rules and Procedures. He claims that on November 18, 2004, he appeared before the disciplinary board. He complains that his hearing was continued. He claims that he was then served with an amended disciplinary report. He claims that on November 23, 2004, the disciplinary board convicted him and sentenced him to 4 weeks loss of yard and recreation privileges and 4 weeks loss of canteen privileges.

Plaintiff claims his conviction is invalid because Rule 30k was unconstitutional, the reliability of the confidential informant was not established, the disciplinary board failed to address his claim that he was framed and the hearing was not fair and impartial. To the extent Plaintiff claims that he was convicted and punished without due process, these claims are not cognizable.

In <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. <u>Id.</u> 132 L.Ed.2d at 431. Under the guidance provided by <u>Sandin</u>, the Fifth Circuit has held that as a general rule, only sanctions which result in

loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the disciplinary actions affected the duration of his sentence or that the disciplinary sentence was atypical of the prison environment. To the contrary, Plaintiff's allegations concern changes in the conditions of confinement which are far from "extraordinary." This court finds that under Sandin, Orellana and Madison, 4 weeks loss of yard and recreation privileges and 4 weeks loss of canteen privileges do not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns. Accordingly, Plaintiff's claims that he was punished without due process of law are without merit.

**Heck Claims**

Plaintiff is seeking compensatory, nominal and punitive damages from Defendants for an alleged unconstitutional prison disciplinary conviction. The United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to made such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the Supreme Court approved the application of the Heck doctrine to prison disciplinary proceedings.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation for civil rights violations under Section 1983; therefore, he must prove that his disciplinary conviction or sentence has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his disciplinary conviction or sentence has been invalidated or that the prosecution has been terminated in his favor. Accordingly, his Heck claim should be dismissed with prejudice until such time as the Heck conditions are met.

**Retaliation Claim Regarding Watch**

Plaintiff claims Defendants failed to secure his personal property before transporting him to administrative segregation in retaliation for his filing of a lawsuit in state court. He claims that when he was released from administrative segregation, his watch was not with his personal property. He admits that after he filed a lost property claim, his watch was returned to him. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the failure to secure his personal property--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Plaintiff's allegations that he was retaliated against by Defendants are unconvincing. The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no evidence that "but for" this motive, his personal property would not have been secured. Furthermore, his watch was returned to him. Accordingly, these actions by prison officials do not implicate any constitutional rights.

**Conditions of Confinement Claims**

Plaintiff claims that in November 2004, he was placed in administrative segregation for 14 days. He complains that while in administrative segregation, his cell light was off 75 percent of the time. He also claims his cell was not properly ventilated.

He claims he was only allowed out of his cell ten minutes a day to shower. He further claims he was denied privileges, including outdoor exercise, television and radio. He claims he was denied his personal property and legal materials.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined that "§ 1983 claims are best characterized as personal injury actions" and that the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims he was placed in administrative segregation for 14 days in November 2004. It does not appear that Plaintiff filed a grievance in the administrative

remedy procedure regarding the conditions of his confinement while in administrative segregation. Thus, prescription began to run as to these claims in November 2004. The above entitled and numbered complaint was not signed by Plaintiff until February 27, 2006, and it was not filed by the Clerk of Court until March 3, 2006. Accordingly, Plaintiff's claims regarding the conditions of his confinement are prescribed and should be dismissed with prejudice as frivolous.

**Property Claim**

Plaintiff claims that on November 12, 2004, he lost $21.83 for a food sale because he was in administrative segregation. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The money which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment, and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property

without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions, and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315. Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

**Administrative Remedy Procedure Claims**

Plaintiff complains that the administrative remedy procedure contains a multiple

request clause which backlogs any subsequent request for an administrative remedy if the inmate already has a grievance pending in the system. He further complains that prison officials failed to address his amended grievance in their response and failed to timely place a backlogged grievance into the system. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

**Classification Claim**

Plaintiff claims he was denied admission into the honor program because he had a Rule 30k conviction on his master record. This is not a claim that this Court can

resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this Court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and to preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)). Thus, the prison officials' decision to deny Plaintiff admission into the honor program and the resulting consequences of such decision do not give rise to constitutionally protected liberty interests. Accordingly, Plaintiff's claim is frivolous because it lacks an arguable basis in law and in fact and should be dismissed with

prejudice as frivolous.

**Retaliation Claim Regarding the Honor Program**

Plaintiff claims he was denied admission into the honor program as retaliation for filing a lawsuit against prison officials. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–such as the denial of admission into the honor program–would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As shown above, Plaintiff's constitutional rights have not been shown to have been violated as to his classification. Moreover, the retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been denied admission into the honor program. In fact, Plaintiff admits that he has a Rule 30k disciplinary conviction on his master record. Accordingly, Plaintiff's claim regarding retaliation should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears

v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's claims regarding the disciplinary proceedings, retaliation, conditions of confinement, property loss, the administrative remedy procedure and classification be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's Heck claim be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions

and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 12th day of September 2006.

---
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE