UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERNEST RANDAL COMEAUX                 CIVIL ACTION NO. 06-0367

VERSUS                                JUDGE HICKS

RICHARD STALDER, ET AL                MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Ernest Comeaux ("Plaintiff") is a prisoner housed at David Wade Correctional Center.
He filed this civil action against several prison officials based on a host of complaints
ranging from his conviction for a rule violation to the loss of $21.83 for a food sale.  After
initial review of the complaint, the court dismissed all but one of Plaintiff's claims.  <u>See</u>
Docs. 8 and 18.  The remaining claim is an assertion that prison officials violated Plaintiff's
rights under the Equal Protection Clause when they denied him admission to an Honor
Inmate Program when other inmates were allowed to continue participating in the program
despite not meeting the criteria for continued participation.  Before the court is a Motion for
Summary Judgment (Doc. 69) filed by all Defendants.  It is recommended that the motion
be granted.

**Relevant Facts**

Defendants have filed affidavits and prison records.  Plaintiff has responded with his
own exhibits, including an unsworn declaration pursuant to 28 U.S.C. § 1746, which may

provide competent summary judgment evidence.  The material facts provided in the summary judgment submissions, with any genuine issues noted, are summarized below.

Rule 30k of the Louisiana Disciplinary Rules and Procedures, in effect in 2004, prohibited "spreading rumors about an employee, visitor, guest or inmate."  In October 2004, Judge Brady of the Middle District of Louisiana held that a prisoner who was charged under the rule was entitled to relief "based on the grounds that Rule 30k is unconstitutionally vague and overbroad on its face and as applied."  Cassels v. Stalder, 342 F. Supp. 2d 555, 567 (M.D. La. 2004).

The next month, November 2004, defendant William Hollenshead, an officer at David Wade, ordered that Plaintiff be placed into administrative segregation for investigation of a Rule 30k violation stemming from Plaintiff's discussion with other inmates about a female corrections officer.  Plaintiff was convicted by a disciplinary board of violating Rule 30k. Plaintiff's inmate counsel at the hearing advised the board that a federal court in Baton Rouge had declared the rule unconstitutional, but the board expressed ignorance of such a ruling. It is not clear whether Plaintiff appealed the disciplinary conviction through the administrative and judicial remedies that were available to him.  (The Department later issued an emergency rule, effective January 20, 2005, that revised the disciplinary rules in response to Cassels.)

Inmate Posted Policy #30 provides the rules for the Honor Inmate Program.  Privileges afforded to members of the program include extended visitation and telephone hours, an

increased canteen spending limit, and (for minimum custody inmates) eligibility for picnic visiting.  The policy sets forth 10 requirements for entrance into the program.  The requirements include that the inmate be a high school graduate or in an educational process, have been at David Wade for at least six months, participation in a self-help organization, no positive urine screen within one year, no major rule violation report within one year, and a majority vote of the committee.

All three members of the committee voted in June 2005 to deny Plaintiff's application. Plaintiff apparently satisfied the non-voting requirements *except* the requirement he not have a major rule violation report within one year.  The committee's notes reflect that the Rule 30k violation in November 2004 was the basis for that requirement being deemed not satisfied.

Plaintiff testifies that inmates Leon Horne, Robert Howle and Edward Timmons have participated in the program for several years, although none of them participated in the self-help programs as required by the policy.  Plaintiff testifies that prison officials allowed other inmates to participate in the program despite a lack of satisfaction of the self-help program requirement because those inmates made hobby-crafts for prison officials and performed other tasks to gain their favor.  Plaintiff testifies that he, on the other hand, is known for filing lawsuits and grievances, including a suit in state court that alleged illegality in the hobby-craft activity at the prison.  Some of the Defendants have offered affidavits in which they testify that the status of other inmates had no bearing regarding Plaintiff's admission to the Honor Inmate Program (although Defendants never specifically address Plaintiff's

testimony that certain favored inmates are allowed to remain in the honor program despite non-compliance with the self-help activity requirement.)  The affiants specifically deny that they voted to deny Plaintiff admission to the program because Plaintiff has filed lawsuits against the prison or prison officials.

**Analysis**

Plaintiff continues to argue the invalidity of his disciplinary conviction because of Judge Brady's declaration that Rule 30k was unconstitutional.  No due process violation arises from Plaintiff's exclusion from the Honor Inmate Program even if the exclusion was based on a disciplinary conviction for violation of a rule that was deemed unconstitutional. As noted in the original Report and Recommendation, Sandin v. Conner, 115 S.Ct. 2293 (1995) held that state created liberty interests that may be protected by due process are generally limited to freedoms from restraint that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  In particular, the Court held that an inmate is not entitled to due process protection before the imposition of 30 days solitary confinement because the punishment is not an atypical or significant hardship. Plainly, exclusion from the Honor Inmate Program and its attendant privileges would not satisfy the Sandin standard to warrant due process protection.  Sandin observed that inmates do, of course, retain other protection from state action.  They may, for example, invoke First and Eighth Amendment rights or the Equal Protection Clause.  Sandin, 115 S.Ct. at 2302 n.11.

Plaintiff, in describing his equal protection claim, has at times complained that he was treated differently because of his litigation efforts. At other times, Plaintiff says the different treatment was because prison officials showed favoritism to inmates who made them hobby-crafts and performed personal errands. The first description is more properly assessed as a First Amendment claim of retaliation based on access to the courts, but that claim was rejected in the earlier ruling. The assessment then was that the retaliatory motive alleged by Plaintiff was conclusory. To establish causation on such a claim, an inmate must produce direct evidence of motivation or a chronology of events from which retaliation may plausibly be inferred. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). The Fifth Circuit, fearful of conclusory and frivolous claims of retaliation, instructed in Woods that "trial courts must carefully scrutinize these claims." Id. at 1166. "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

Plaintiff had a Rule 30k disciplinary conviction on his record that was less than one year old and that had not been overturned on any appeal. The presence of such a conviction was an automatic disqualification under the Honor Inmate Program policy. Plaintiff alleges that retaliation was the actual reason behind the denial, citing his litigation. Plaintiff has not demonstrated that any of the members of the committee were defendants in such litigation or were even aware of the litigation. There is no evidence that any committee member referenced the litigation or said or did anything else to suggest that the litigation had some

influence on the committee's decision.  Furthermore, there is no basis to determine that the committee would have blindly overlooked the disqualifying rule violation conviction and admitted Plaintiff to the Honor Inmate Program in the absence of their allegedly retaliatory mind-set.  This claim was dismissed earlier, but its close relationship to the remaining equal protection claim and Plaintiff's continued arguments on the subject warranted further discussion.

Plaintiff concedes that, after one year passed from his rule violation conviction, he was admitted to the Honors Program on December 13, 2005, and he continues to participate in the program.  That fact also supports the court's determination that Plaintiff has not demonstrated a basis for causation on his retaliation claim.  It also renders moot any claim for injunctive relief that would place Plaintiff in the program. Boyd v. Stalder, 2006 WL 3813711, *6 (W.D. La. 2006).  Contrary to Defendants' argument, it does not render moot the entire litigation.  Claims for nominal damages and, if Plaintiff could satisfy the very demanding legal standards, punitive damages based on the allegedly wrongful past exclusion are not rendered moot. Plaintiff does not seek compensatory damages associated with his exclusion, and he would not be entitled to any because he did not suffer a physical injury. 42 U.S.C. § 1997e(e); Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).  See also Boyd, 2006 WL 3813711, **6-7 (nominal and punitive damages are not barred by Section 1997e(e) ).

Plaintiff's equal protection claim fails for reasons similar to those assigned with respect to his retaliation claim. First, Plaintiff does not contend that he was discriminated against based on race, sex or other suspect basis that is afforded a greater degree of protection under the Equal Protection Clause.  To demonstrate an equal protection claim in such a setting, a prisoner must show the existence of purposeful discrimination motivating the state action which caused the complained-of injury.  Stevenson v. Louisiana Board of Parole, 265 F.3d 1060 (5th Cir. 2001). And a mere claim that prison officials reached different results with respect to decisions made regarding different prisoners does not give rise to an equal protection claim.  Id.; Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993).  As with the above-discussed retaliation claim, Plaintiff has not satisfied his burden with respect to the purposeful discrimination or causation elements.

Plaintiff argues that he has such a claim based on the "class of one" theory discussed in Village of Willowbrook v. Olech, 120 S.Ct. 1073 (2000).  A similar claim was discussed in Calhoun v. FCI Warden, 224 Fed. Appx. 333 (5th Cir. 2007) when a federal prisoner complained that officials had wrongfully denied his request to enter a drug treatment program.  The court held that the prisoner's "assertion of personal discrimination" is not sufficient to state an equal protection claim because he has not shown that there was no rational basis for treating him differently from others similarly situated."  Id. Prison officials had a rational basis to exclude Plaintiff from the Honor Inmate Program (for one year; as they did) due to his rule violation conviction.  Plaintiff points to other inmates whom he alleges

were allowed to continue their enrollment in the program despite not participating in self-improvement programs, but he has not identified a single inmate who has been accepted into the program despite a conviction that was less than one year old.  Thus, Plaintiff has not demonstrated that he was treated differently than others similarly situated.

Accordingly;

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 69)** be **granted** and that all remaining claims be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE